**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MARLON LEE and TRAVIS DALE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: |
| KENNESAW DRYWALL & SUPPLY, | ) | _____ |
| INC. and JEFFREY RUNNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

---

## COMPLAINT

PLAINTIFFS MARLON LEE and TRAVIS DALE file this Complaint against DEFENDANTS KENNESAW DRYWALL & SUPPLY, INC. ("Kennesaw Drywall") and JEFFREY RUNNER and for this cause of action state the following:

### Nature of the Claim

1.     This action seeks unpaid compensation, including overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief on the grounds set forth below.

1

*Jurisdiction and Venue*

2.      This Court has subject-matter jurisdiction over Plaintiffs' claims

under 28 U.S.C. § 1331 because this action arises under the laws of the United

States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. §

1337 because this action arises under Acts of Congress regulating commerce.

Additionally, this Court has supplemental jurisdiction over Plaintiffs' claims under

28 U.S.C. § 1367.

3.      Defendants are subject to service in this judicial district; thus, this

Court has personal jurisdiction.

4.      Under 28 U.S.C. § 1391(b), venue is appropriate in this district

because a substantial part of the events or omissions giving rise to the claims at

issue occurred in this judicial district.

*The Parties*

5.      Defendant Kennesaw Drywall is organized under the laws of the State

of Georgia and its principal office is in Kennesaw, Georgia.

6.      At all times relevant to this action, Defendant Runner acted in the

interest of an employer toward Plaintiffs, exercised responsibility and control over

Plaintiffs' compensation and terms of employment, including hiring them, and he

was a corporate officer with operational control of the corporation's covered

enterprise.  Defendant Runner may be held liable in his individual capacity as an "employer" for Defendant Kennesaw Drywall's FLSA violations.

7.     At all times relevant to this action, Defendants were "employers" under 29 U.S.C. § 203(s).

8.     At all times relevant to this action, Defendant Kennesaw Drywall's annual gross sales volume has exceeded $500,000.

9.     Plaintiff Lee is a resident of Georgia and he began working for Defendants in the summer of 2019.

10.     Plaintiff Dale is a resident of Georgia and he began working for Defendants in the spring of 2020.

11.     Plaintiffs were "employees" of Defendants' under 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

12.     During their employment, Plaintiffs worked for Defendants as crane operators delivering drywall to construction sites in the state of Georgia.

### *Factual Allegations*

13.     At all times relevant to this action, Plaintiffs were non-exempt employees under the FLSA.

14.     Plaintiffs did not qualify for any of the FLSA's exemptions during their employment with Defendants.

15.     As non-exempt employees, Plaintiffs were subject to the FLSA's minimum wage and overtime provisions.

16.     Throughout their employment, Plaintiffs regularly worked more than forty hours per workweek.

17.     Plaintiffs typically worked five days per week.  They typically arrived at work between 6:30 and 7:30 a.m., and they typically worked for 9 to 14 hours per day.

18.     Defendants failed to keep accurate time records showing the hours that Plaintiffs worked.

19.     Defendants required Plaintiffs to clock in each day, but they were not required to clock out.  Nor could Plaintiffs have clocked out, as each day Defendants locked the building where the timeclock was located by the time Plaintiffs returned their trucks.  Indeed, Plaintiffs were required to slide their truck keys through a key slot to return them each day, and they could not clock out because they could not get to the time clock.

20.     Defendants compensated Plaintiffs by paying them a set rate for each foot of drywall.

21.     In calculating Plaintiffs' compensation, Defendants did not take into account the hours they worked, including the hours they worked over forty in any workweek.

22.     Instead of properly paying Plaintiffs for the hours they worked, Defendants made up the hours that Plaintiffs worked each day.

23.     Because they did not take into account the hours that Plaintiffs worked, Defendants did not pay Plaintiffs for their overtime compensation at the proper rate.

24.     To cover up for their failure to properly pay Plaintiffs for their hours over forty, Defendants issued paystubs to Plaintiffs that appeared to break down their time and compensation between regular hours, overtime hours, and drywall footage.

25.     But Defendants confirmed to Plaintiffs that Plaintiffs' compensation was not based on the hours they worked.  Defendants informed Plaintiffs that the gross amount of their paychecks was calculated by taking their footage rates and multiplying it by their footage.  This calculation failed to take into account the overtime hours that Plaintiffs worked.

26.     Defendants were aware of the hours Plaintiffs worked for which they did not properly compensate them.  During Plaintiff Dale's employment, he

questioned Defendants' dispatcher about Defendants' failure to pay proper overtime compensation.  Defendants' dispatcher responded, in sum or substance, that this is the way it is.

27.     Defendants have willfully and intentionally failed and/or refused to compensate Plaintiffs in accordance with the FLSA.

28.     Plaintiffs have retained the law firm listed below to represent them in this action and thus have incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

29.     Plaintiffs consent to participate in this action.  Plaintiffs' consents are attached as Exhibit 1 and are a part hereof for all purposes under Fed. R. Civ. P. 10(c).

## COUNT 1

### (Compensation Due Under 29 U.S.C. § 207)

30.     Plaintiffs re-allege paragraphs 1 through 29 above and incorporate them here by reference.

31.     By engaging in the conduct described above, Defendants failed to pay Plaintiffs at a rate of pay not less than one and one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

32.     Defendants also denied Plaintiffs compensation for all the hours they worked in violation of the FLSA.

33.     Defendants' actions in failing to compensate Plaintiffs in accordance with the FLSA were willful under 29 U.S.C. § 255(a), and committed with a conscious disregard for Plaintiffs' rights.

34.     As a result of Defendants' violation of the FLSA, Plaintiffs have a right to recover their unpaid compensation, including overtime compensation, and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, under 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

    i.     Take jurisdiction of this matter;

    ii.    Grant a trial by jury on all matters properly triable to a jury;

    iii.   Award Plaintiffs proper payment for each hour worked during their employment with Defendants, and liquidated damages equaling 100% of the compensation due Plaintiffs, as required by the FLSA;

    iv.   Award Plaintiffs prejudgment interest on all amounts owed;

v.    Award Plaintiffs their reasonable attorneys' fees and costs of

litigation; and

vi.    Award such other further relief this Court considers just,

equitable and proper.

## **DEMAND FOR JURY TRIAL**

**Plaintiffs hereby demand a jury trial on all claims for which they have a**

**right to a jury.**

DATED: September 15, 2020

By:  _/s/ Andrew Weiner_____
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFFS